**PIONEER MUTUAL CASUALTY COMPANY, Plaintiff, v. BETTON et, Defendants.**

Common Pleas Court, Franklin County.

No. 193859.   Decided March 3, 1958.

440

Dresbach, Crabbe, Newlon, Collopy & Bilger, for plaintiff.
Rees & Herron, for defendant Betton.

**OPINION**

By BARTLETT, J.

This is a declaratory judgment proceeding wherein the plaintiff company seeks to have its liability insurance policy issued to the defendant, Lee H. Betton, declared null and void, on the ground of false representations by the insured in his application for said policy, dated March 10, 1955, covering his Chrysler automobile.

Plaintiff's petition further discloses that the defendant Betton on July 1, 1955, while driving said Chrysler automobile, was involved in a collision with two other automobiles; that certain civil actions have been filed against the defendant Betton in this court to recover damages growing out of said automobile collisions; and that the defendant Betton has demanded that the plaintiff company defend him in said lawsuits in compliance with his liability insurance policy with plaintiff company.

Plaintiff company asks the Court to find and declare that said liability policy was of no force and effect at the time of said automobile collisions, and that the plaintiff company is not obligated to defend said Betton in said civil actions growing out of said automobile collisions, because of his alleged false representations in his application for said liability insurance policy issued by the plaintiff company.

The petition in the instant case states a cause of the character of an action in chancery for cancellation, and should be treated as one in chancery. If so, there is no constitutional or absolute statutory right to a trial by jury. **Renee v. Sanders, Exr., et al, 160 Oh St 279; Pioneer Mutual Casualty Co., etc. v. Pennsylvania Greyhound Lines, et al, 68 Oh Ap 139.**

"So where, in a civil action in which the plaintiff seeks equitable relief in respect of an alleged legal right, * * *, if the issue thus raised is a substantial issue of fact, its emergence may give rise to a question as to the mode of trial, * * *, a situation of this kind might induce a chancery court, in the exercise of its discretion, * * * under the code, * * *, depending on the nature of the case, (1) to impanel a jury and take a special advisory verdict, * * *." **20 O. Jur. (2d) p. 40. Sec. 14.**

The last paragraph of §2311.04 R. C., recognizing the power of the court to order any issue to be tried by a jury, was formerly known as §11380 GC, and many Ohio courts have exercised their discretion in that respect.

Where the Court, in an equity case, submits to a jury issues of fact that are triable by the Court, the jury verdict is not conclusive, but the Court may decree notwithstanding the verdict. **Morgan and Co. v.**

**Spangler, 20 Oh St 38**; such finding of the jury on a question of fact in an equity case is not binding upon the Court; but under §11380 GC (now §2311.04 R. C.), the Court may impanel a jury to try an issue of fact for the purpose of aiding the Court in the determination of the issue. It is the duty of the Court to finally determine the issue of fact tried by the jury. **Acme Mortgage Co. v. Parker, et al, 17 Abs 97.**

This Court in the instant case submitted certain substantial issues of fact to the jury for the purpose of aiding the Court in its determination of such issues.

Certain of the issues of fact submitted to the jury and the finding of the jury thereon will be hereafter referred to.

The application of defendant Betton for such insurance policy, among other questions, contained these two:

"Item 7. Do you or any driver of the automobile have any physical impairment or deformity?

"Item 7a. Have you or any driver of the automobile had any automobile accidents during the last three years?"

The defendant Betton answered both of these questions, "No"; and the plaintiff Insurance Company bases its claim of false representations on these two answers.

The amended petition of the plaintiff Insurance Company contains the following allegation:

"4. The defendant, Lee H. Betton, had a physical impairment known to him to be a nervous disorder for the treatment of which he was confined to a hospital at Wright Patterson Field for approximately six months, by reason of which he was discharged from military service, and for which he was under the care of physicians at the time of the execution of his application for insurance."

The amended answer of the defendant Betton denies that he ever had any physical impairment or deformity.

At the trial the defendant Betton testified he had a nervous breakdown, was confined to Wright Patterson Field for treatment, was given a medical discharge from the army because of such condition, and that he still has a nervous stomach.

By an entry agreed to by counsel for plaintiff insurance company and the defendant Betton, the following question was submitted to the jury:

"10. Did the defendant, Lee H. Betton, or any other driver of the 1951 Chrysler Imperial automobile have any physical impairment or deformity?"

The answer of the jury was, "No"; and the Court concurs in that finding of fact by the jury.

The Court instructed the jury:

"Now, as a matter of law on those questions I want to instruct the jury that whether such a condition be termed an 'anxiety state,' a 'nervous illness,' or a 'neurosis,' it is inescapable that it is a disease and is mental rather than physical. Webster's Unabridged Dictionary defines 'physical' as 'of or pertaining to the body as contrasted with the mind.' The Standard dictionaries define 'Physical' as 'Relating to or

pertaining to the body as distinguished from the mind or soul or emotions.' "

"In an action such as this where the company seeks to declare an insurance policy void, if there is an ambiguity in the insurance contract, the writing must be construed most favorably to the insured. The company must establish such misrepresentation by clear and convincing proof."

Simmonds v. Eyrich, et al., 95 N. E. Rep. (2d) p. 595; (Hamilton County, Ohio, Common Pleas Court); American General Ins. Co. v. Bailey, 268 S. W. (2d) p. 528 (Court of Civil Appeals of Texas).

The amended petition of the plaintiff insurance company contains the following allegation:

"2. The defendant, Lee H. Betton, was involved in an automobile accident on August 29, 1954, at the intersection of Joyce Avenue and East 5th Avenue in Columbus, Ohio."

The amended answer of the defendant Betton denies that he was operating a motor vehicle that was involved in an accident on August 29, 1954, at the intersection of Joyce Avenue and East Fifth Avenue in Columbus.

By the agreed entry of counsel for the plaintiff insurance company and the defendant Betton, this question was submitted to the jury.

"8. Was the defendant, Lee H. Betton, the driver or operator of a motor vehicle involved in an automobile accident on August 29, 1954, at the intersection of Joyce Avenue and East Fifth Avenue in Columbus, Ohio?"

The answer of the jury was "No," and the Court concurs in that finding of fact by the jury.

The defendant Betton testified that a young girl was driving his car while he was seated on the front seat of the car beside her; but she had no driver's license, so he paid a fine and did not involve the girl. Mrs. Addie Smith testified she was driving Betton's car, made an illegal left turn, and hit the headlight of the other car. She stated she furnished the money for the defendant Betton to pay the fine and repairs for the other car. The jury believed her and so did the Court. In any event, there was a conflict of evidence, and we cannot say that the plaintiff has sustained the burden of proof in proving all the elements of fraud by clear and convincing proof. 22 O. Jur. p. 892, Sec. 794.

The amended petition alleged:

"1. The defendant Lee H. Betton was involved in an automobile accident on November 7, 1953, at the intersection of Cleveland Avenue and East Second Avenue in the City of Columbus, Ohio."

The amended answer of defendant Betton denies that he was operating a motor vehicle that was involved in an accident on November 7, 1953, at the intersection of Cleveland Avenue and East Second Avenue in the City of Columbus, Ohio.

The agreed entry of counsel for plaintiff and defendant Betton submitted the following question to the jury:

"7. Was the defendant, Lee H. Betton, the driver or operator of a motor vehicle involved in an automobile accident on November 7, 1953,

at the intersection of Cleveland Avenue and East Second Avenue in the City of Columbus, Ohio?"

The jury answered "yes," and this is the one finding of fact that the Court cannot approve. The Court's finding is that Betton's car was standing still when another car came around the corner and struck it while Betton's young sister was seated under the wheel of his car. Betton's mother testified positively his car was standing still when struck. His sister agrees with her mother saying, "I got under the wheel and as they were getting out to push the car, then a car on Second Avenue turned left, hit the car, the door." Betton says he was pushing the car, but does not say his car was moving when hit. The evidence preponderates that the car was standing still. In any event plaintiff has not sustained the burden of proof by clear and convincing proof. Betton was not driving or operating the car if it was standing still.

The amended petition contained the averment:

"3. The defendant, Lee H. Betton, was involved in an automobile accident on Tenth Avenue near Michigan Avenue in Columbus, Ohio, on or about October 18, 1954."

The amended answer of defendant Betton admits that in parking a motor vehicle on October 18, 1954, on Tenth Avenue near Michigan Avenue in Columbus, Ohio, he cut too sharply and scratched a fender; that he left his name on the damaged automobile but that no claim has ever been presented to him by the owner thereof. His testimony was to the same effect.

The Court cannot accept this incident as a **material** misrepresentation of fact. If an incident such as this is sufficient proof of a bad risk to warrant liability insurance companies in refusing to issue policies with full knowledge of such an incident, such companies may as well close their doors, since there would not be enough business to justify their existence; and on the other hand, it would be a fraud on the public to relieve such liability insurance companies because of such scratched fender incidents.

The jury also found that neither of the answers by the defendant Betton was given with intent to deceive; and that neither of such answers of the defendant Betton materially affected the hazards assumed by said insurance company. The Court concurs in both of these findings of fact by the jury.

The plaintiff insurance company saw fit to resort to an independent investigation in order to determine whether the defendant Betton was a good risk. It sought information from other sources, rather than rely on the faith of the representations of defendant Betton. **8 O. Jur. (2d) p. 404, Sec. 14; Pioneer Mutual Casualty Co., 104 Oh Ap 15, 18.**

We conclude that the plaintiff company has not proven by clear and convincing proof that the insured made material false representations with intent to mislead the plaintiff company, and that it relied solely on such false representations.

The prayer of plaintiff insurance company to declare null and void its liability insurance policy issued to defendant, Lee H. Betton, is denied; and the Court finds said policy to be in full force and effect on July

1, 1955, at the time of the collision with the two other automobiles by the defendant Betton, while driving his automobile covered by said policy, and that the plaintiff company is bound to defend all civil actions against the defendant Betton, arising out of said collisions.

Entry accordingly with exceptions by counsel for the plaintiff insurance company.